Allen, J.
The propriety of the order heretofore entered in this case must depend upon the question, *182 Whether there was a case pending in Court or not. If there was an appeal depending, then according to the opinion of this Court in Fairfax v. Muse’s ex’or, 4 Munf. 124, the appeal once allowed, cannot, regularly, be dismissed from the appellate Court, but in the mode prescribed by statute. In this case an appeal was applied for and allowed shortly after the decree, upon the petitioner’s giving bond for the costs. The case was docketed; an appearance for the appellee entered by counsel, according to the usual practice of this Court; the record, as in a pending appeal, was printed by the consent and directions of the counsel on each side ; and the case stood for hearing. But the bond not having been given in pursuance of the order allowing the appeal, within five years from the date of the decree, it is contended, that it is now too late to execute such bond; that until the bond was executed there never was a pending appeal; and if not, the statute which limits appeals to five years, is a peremptory bar to an appeal now. The act of 1830-31, § 31, Sup. Rev. Code 148, provides that no petition preferred to the Court of Appeals, or any Judge thereof in vacation, from, &c., shall be received or allowed, unless the same shall be preferred within five years next after the date of such final decree. The 53d section, page 155, declares, that if the party praying for such appeal, shall not deliver the record to the clerk of the Court of Appeals within thirty days after such appeal allowed, the same shall not be received thereafter, unless good cause be shewn to the contrary; and after such dismission no appeal shall be allowed. And by the act 1830-31, Sup. Rev. Code, p. 128, it is provided : When the clerk of the Court of Appeals shall issue any order allowing an appeal, he shall endorse on the order, that it shall not be effectual until bond be given, and certificate of the due execution of the bond endorsed on the order by the clerk of the Court below. By the terms of the statute, the limita *183 tion applies to the time at which the petition shall he preferred to the Court, or any Judge in vacation. The law is silent as to the period within which the bond may be given. The petition may be preferred on the last day allowed by law, and will be within time, but if not acted on within the five years by the Judge or Court, bond could not be given within the five years; or if acted on wnthin the time limited, it might be impossible, from the remoteness of the county, to execute the bond in time. In such instances would it be contended the party had lost his right to appeal ? But if there is a positive bar by statute, that must be the result : for it contains no exception to meet the cases put.
The difficulty in construing the various provisions referred to, grows out of that which requires the clerk of the Court of Appeals to endorse on the order, that it shall not be effectual until bond be given, and certificate of the due execution endorsed on the order by the clerk of the Court below. But these words, it seems to me, may be reconciled with the construction which holds, that the preferring of the petition is the commencement of the proceeding in the appellate Court, which saves the bar of the statute. Though the appeal has been allowed upon condition of giving bond ; and though such allowance makes it a pending appeal, yet until the bond is executed according to the terms of the order, the appeal is not effectual to arrest the proceedings on the decree. Nor is the appellee bound to notice it. He may go on and execute his decree, and take no notice of the appeal. This is more manifest from the other clause. The appeal is not effectual until bond is given, and certificate of the due execution of the bond endorsed on the order by the clerk of the Court below. The last clause is directory to the clerk. The party, to obtain the full benefit of his appeal, to render it effectual so as to stay proceedings, must see that this endorsement is made. Yet if the omission to give the bond nullifies *184 the order granting the appeal, the omission of the clerk to make the prescribed endorsement must have the same effect; for'both are essential to render the appeal effectual. These words refer to the consequences of the order allowing the appeal, and have no operation on the order itself. The allowance when made by an order in Court or a Judge in vacation makes it a pending appeal; and being so, it must be disposed of in the mode prescribed by statute. And this is in all respects the most convenient practice; and most in conformity with the intention of the legislature, as evinced by the acts referred to. The party interested must get his record and prefer his petition within the limited time; so far, the law imposes upon him the duty of diligence. But if, from any cause for which he is not accountable, the Court should delay action on his petition, he should not suffer. If, after he procures the order allowing the appeal, he should neglect to perfect it, so as to render it an effectual appeal in the sense before referred to, this does no injury, and imposes no hardship on the appellee. He may execute the decree, or if he desires to get rid of the appeal, he can quicken the motions of his adversary by giving a rule upon him, to give the bond within some period to be prescribed by the Court, on pain of having his appeal dismissed. That the preferring the petition is the commencement of the proceeding in this Court, to which alone the statute applies, is rendered more manifest by the provision which requires the record, with the order allowing the appeal, to be filed within thirty days after the appeal is allowed, and directing that, if not done, no appeal shall be allowed after such dismission ; unless the order was construed to make it a pending appeal, there could be, strictly speaking, no dismission.
Under the law as it formerly stood, no writ of error or supersedeas could be granted after the expiration of five years from the time when such judgment shall have *185 been made final. In Overstreet v. Marshall. 3 Call 192, it was decided, that although the supersedeas did not issue until after five years, yet it was in time, because the order of the Judge awarding it, was within five years. The authority of this case has been frequently recognized since ; and the principle has been carried further; for in Pugh’s ex’or v. Jones, 6 Leigh 299, it was held, that although there was no order allowing the writ within five years, yet as there was a petition, which had not been acted on by the Court, the limitation of the statute did not apply. Judge Tucker, in dissenting from the majority, recognized the authority of Overstreet v. Marshall, as good law; for he says, “ if the order was made within five years, the writ was granted within five years, since the order itself is the grant of the writ; but here there is no order, there is only a petition.” In Anderson v. Lively, 6 Leigh 77, it was merely decided that owing to the great laches of the party in taking out his supersedeas, he should not be allowed to sue it out after such groat delay. But all the Judges who gave opinions, recognized the authority of Overstreet v. Marshall, that the order of the Judge awarding the writ was the commencement of the proceedings. And as the only difference between the law then and at present is, that the petition should bo preferred within five years, it seems to me that when so preferred the statutory limitation is saved. If an order is made allowing the appeal, it relates to the time of preferring the petition; and the case must be considered as pending from that period. Thenceforward it is a pending appeal; and there is no positive statutory bar applicable to the subsequent proceedings. But it is in the power of the Court, in the exercise of a sound discretion, to take measures to enforce a compliance with the order, on pain of having the appeal dismissed; or, as in the case of Anderson v. Lively, in case of great laches, to refuse the party liberty to take out his writ, or perfect his appeal.
*186 But before any steps of this kind are taken, the party should have an opportunity of being heard. The facts of this case shew no laches on the part of the appellant which should be visited by the dismissal of his appeal. He should still be permitted to perfect his appeal by giving the bond required; and the appellee can have a rule against him that unless he does so within a limited time his appeal shall be dismissed.
The case of Sillman v. Lawrence, decided by this Court at the January term 1845, and not reported, is in conflict with this opinion. I concurred in that decision, but a more careful consideration, after a fuller argument, has satisfied me I was then in error; and it is a source of congratulation that a case has arisen so soon after that decision which enables me to retrace my steps.
Brooke, J. I never supposed that the act limiting the right of appeal to five years, applied to the time of giving the bond, but to the presentation of the petition to the Court, or to some Judge of the Court of Appeals in vacation. 'When the petition is presented and received by the Court or the Judge, if it be within five years from the date of the judgment or decree, the act ceases to operate in that case; and I do not think the appellee is bound to hasten the giving of the bond by the appellant. Until the bond is given, he has the right to issue his execution on the judgment, or proceed to execute the decree .according to the terms of it. I think all the cases in this Court, with some little variation, concur in this; and that the appellee, if it is his interest to do so, may move the Court for a rule to hasten the appellant to give the bond, or to shew cause why he has not given it. The Court itself having the power to superintend the execution of its process, after a long and unreasonable delay on the part of the appellant, unaccounted for, may make the rule upon him, and, if cause is not shewn, may dismiss the appeal.
*187 In the case before ns, I think good cause has been shewn for the delay; the counsel for the appellaut having been misled by the counsel for the appellee, and the understood practice of the bar, that when the counsel for the appellee enters his appearance on the docket, and agrees to print the record, the bond has been given or dispensed with. I am therefore of opinion that the order of the Court superseding the order granting the supersedeas, be set aside; and upon the appellant’s entering into bond, and its being certified to the clerk of this Court by the clerk of the Circuit Court, with a copy of the bond, the case be put upon the docket of this Court in its proper place.
The other Judges concurred with Allen, J.
The order set aside, and the appeal reinstated: